# UNITED STATES COURT OF APPEALS

# FOR THE SEVENTH CIRCUIT

_____

KIMBERLY S. LOPEZ,

    *Plaintiff - Appellant*

                                **DOCKETING STATEMENT**

v.

                                **CASE NO.** 25-1884

ILLINOIS DEPARTMENT OF HEALTHCARE

AND FAMILY SERVICES, et al.,

    *Defendants - Appellees.*

_____

## I. JURISDICTION OF THE DISTRICT COURT

The district court had jurisdiction as a civil action arising under the laws of the United States pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983, and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

## II. JURISDICTION OF THE COURT OF APPEALS

This appeal is taken from the interlocutory order of the U.S. District Court for the Northern District of Illinois, entered on May 20, 2025, by the Honorable John J. Tharp, Jr.

The United States Court of Appeals has jurisdiction to decide this case pursuant to 28 U.S.C. § 1292(a)(1) (denial of preliminary injunctive relief), which provides appellate jurisdiction over interlocutory orders of the district courts denying injunctions. The order appealed denies Plaintiff's Emergency Motion for Temporary Restraining Order (Dkt. 60), which had the effect of denying preliminary injunctive relief and results in irreparable harm. Appellant contends the order functionally operates as a denial of preliminary injunctive relief.

The Notice of Appeal was filed with the District Court on May 22, 2025.

## III. NATURE OF THE CASE

Plaintiff seeks redress under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA) for systemic constitutional violations committed by state actors, including the suspension of professional licenses, seizure of federal tax refunds, and unlawful deprivation of parental rights, all arising from unlawful Title IV-D enforcement lacking valid jurisdiction or due process.

Plaintiff's claims also invoke federal jurisdiction under 28 U.S.C. §§ 1331 and 1343, as they arise from coordinated state actions that deprived Plaintiff of her right to work, maintain licensure in multiple states, and serve patients in federally funded healthcare programs. Plaintiff's Illinois and Florida professional licenses were suspended without notice or hearing, directly impacting her ability to treat Medicare/Medicaid patients across state lines. These actions violate the Due Process Clause, ADA Title II, the Supremacy Clause, and federal protections related to interstate commerce.

Plaintiff also brings this appeal to challenge the ongoing and unconstitutional removal of her minor daughter, who was taken from her custody and placed with an individual who holds no legal rights, no court-ordered guardianship, and no standing under Illinois or federal law. This deprivation of custody, absent any finding of unfitness or procedural safeguards, constitutes a violation of substantive and procedural due process rights protected by the Fourteenth Amendment. A writ of habeas corpus has been requested to address the child's continued unlawful restraint by a non-parent, and these facts form a critical part of the underlying record.

The Emergency TRO sought to enjoin further irreparable harm, including homelessness, unemployment, and loss of access to healthcare. The district court denied the motion without addressing the full scope of constitutional violations or irreparable harm presented. In support of the denial, the court cited *Mun. Employees Supervisors Union v. Laborers Int'l Union*, 365 F.3d 576 (7th Cir. 2004), which distinguishes temporary restraining orders from preliminary injunctions. However, the court misapplied this precedent. In *Rolle*, the Seventh Circuit held that where injunctive relief seeks to preserve the status quo and protect against ongoing constitutional harm, and the denial has the practical effect of denying a preliminary injunction, the order is immediately appealable under 28 U.S.C. § 1292(a)(1). Plaintiff's motion sought to halt irreparable harm stemming from license suspensions, loss of federal funds, and deprivation of parental rights, harms that are not remediable through damages. Accordingly, *Rolle* supports Plaintiff's right to appellate review.

## IV. Pending Claims in District Court

The underlying Complaint remains pending before the district court, including unresolved constitutional and statutory claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act.

## V. Prior Appeals or Related Cases

There are no other pending appeals directly related to this interlocutory appeal at this time. However, Plaintiff has a separately docketed case, 1:24-cv-13340 (before Judge Kennelly), involving overlapping issues of judicial conduct and due process.

## VI. Prior Dismissals as Frivolous ("Three Strikes")

Plaintiff has not been designated as having three strikes under 28 U.S.C. § 1915(g).

## VII. Relief Sought in Appeal

Appellant seeks reversal of the district court's denial and remand with instructions to grant preliminary injunctive relief or to hold a hearing consistent with Rule 65(a).

Dated: May 26, 2025

Respectfully submitted,

/s/ Kimberly S. Lopez

Kimberly S. Lopez, *Pro Se*

16036 84th Place

Tinley Park, IL 60487

kslopez777@gmail.com

(708) 983-3934

**Service:**

Copies of this Docketing Statement have been emailed to USCA7_Clerk @ca7.uscourts.gov. A copy of this Docketing Statement was served via certified U.S. mail to all counsel of record as listed in the District Court's docket May 27, 2025 in compliance with Fed. R. App. P. 25(b).